UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   8:24-cv-02112-MWC-KES                                          Date: August 28, 2025

Title:   Marcella Fox v. TriColor California Auto Group, LLC

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order DENYING Plaintiff's motion to lift stay and / or for relief from arbitration (Dkt. 82)**

     Before the Court is a motion to lift stay and / or for relief from arbitration ("Motion") filed by Plaintiff Marcella Fox ("Plaintiff"). Dkt. # 82 ("*Mot.*"). Defendant TriColor California Auto Group, LLC ("Defendant") opposed ("Opposition"). Dkt. # 86 ("*Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** Plaintiff's Motion.

I.   Background

     This case involves Plaintiff's purchase of an alleged defective vehicle from Defendant. *See* Dkt. # 74 ("*Order to Compel*"). The Court has summarized the allegations underlying this case in previous orders, *see Order to Compel*, so it repeats only those necessary for deciding this Motion.

     On May 20, 2025, the Court granted Defendant's motion to compel arbitration. *See Order to Compel*. Plaintiff filed a motion for reconsideration on the same day, *see* Dkt. # 76, which the Court later denied after reviewing the parties' briefing and holding oral argument, *see* Dkt. # 81. On July 22, 2025, Plaintiff filed this Motion asking the Court to lift the stay in place pending arbitration or to provide other relief based on "financial inaccessibility, failure to agree on settlement terms, and newly emerged material hardship." *See Mot.* 1. Based on the language of Plaintiff's briefing, the Court understands her to be filing another motion for reconsideration. *See id.* 2 ("Under controlling law, this Court retains jurisdiction to revisit prior orders when new facts deprive a party of any meaningful opportunity to adjudicate her claims."). Plaintiff also cites 9 U.S.C. § 3 and Federal Rule of Civil Procedure ("Rule") 60(b)(2). *See id.* 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-02112-MWC-KES                                                  Date: August 28, 2025

Title:  Marcella Fox v. TriColor California Auto Group, LLC

II.  Legal Standard

"Motions for reconsideration are governed by the Local Rules of this district." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). A party may move for reconsideration under Local Rule 7-18 if there is: (a) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time" the Court entered the order, (b) "the emergence of new material facts or a change of law occurring after" the Court entered the order, or (c) "a manifest showing of a failure to consider material facts presented to the" Court before it entered the order.  L.R. 7-18; *In re Countrywide*, 966 F. Supp. 2d at 1036.

9 U.S.C. § 3, a provision of the Federal Arbitration Act, states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

An arbitration provision may be unenforceable if significant arbitration costs preclude a litigant from vindicating their rights in the arbitral forum.  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000).  The party seeking to invalidate the arbitration agreement on the grounds of prohibitive expense bears the burden of showing that they will likely incur such costs.  *Id.* at 91–92.

Rule 60 concerns relief from a judgment or order.  If there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," the court may provide relief from that judgment or order.  Fed. R. Civ. P. 60(b)(2).  "Rule 60(b) applies only to final orders, and not to interlocutory, non-appealable orders . . . ."  *Golden v. O'Melveny & Meyers LLP*, No. CV 14-8725 CAS (AGRx), 2016 WL 4168853, at *5 (C.D. Cal. Aug. 3, 2016).  "[A]n order compelling arbitration and staying proceedings is not a final, appealable judgment; it's an interlocutory one to which [Rule] 60(b) does not apply."  *Broadnax v. Uber Techs., Inc.*, No. 2:25-cv-00113-JAD-MDC, 2025 WL 1808513, at *2 (D. Nev. July 1, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-02112-MWC-KES                                                   Date: August 28, 2025

Title:    Marcella Fox v. TriColor California Auto Group, LLC

III.   Discussion

    Plaintiff details several grounds for the Motion. She highlights that she is a "pro se litigant, a homeless single mother of five minor children, and a person with documented disabilities." *Mot.* 2. She states that she is unable to pay any arbitration costs beyond the initial filing fee, and that although Defendant agreed to cover the American Arbitration Association ("AAA") filing fee, Defendant is unwilling—and she is unable—to cover "arbitrator fees, administrative costs, [and] related expenses." *Id.* Plaintiff also contends that she "has engaged in multiple rounds of good-faith settlement discussions with Defendant and even reduced her initial settlement demand, yet no meaningful resolution was reached." *Id.* 3.

    Defendant argues that Plaintiff would pay nothing to proceed in arbitration. *Opp.* 8. Defendant first explains its own obligation to pay all costs except for the filing fee under the Consumer Arbitration Rules and Fee Schedule of the AAA. *Id.* And despite Plaintiff's obligation to pay the $225 filing fee, Defendant avers that it has offered to alleviate that cost. *Id.* Additionally, Defendant highlights its obligation to pay up to $5,000 in arbitration fees and costs, along with pointing out the alternative of Plaintiff obtaining a hardship waiver from the AAA. *Id.* 9.

    The Court finds Defendant's argument on costs persuasive. The AAA indeed requires that Plaintiff pay only the filing fee. AM. ARB. ASS'N, *Consumer Arbitration Rules and Meditation Procedures: Administrative Fee Schedule* (2024), https://www.adr.org/media/3uofn4lu/consumer_rules_and_mediation_procedures_feeschedule.pdf. Moreover, Defendant retains the obligation to pay up to $5,000 in costs. *See* Dkt. # 47, 11. Assuming that the Defendant is making a good faith offer to cover the filing fee, there would be no cost to Plaintiff to engage in arbitration.

    As such, Plaintiff's financial hardship could not constitute a new fact such that the Court would reconsider its order compelling arbitration under Local Rule 7-18. Nor has Plaintiff, as the party seeking to invalidate the arbitration agreement on the grounds of prohibitive expense, met her burden of showing that she will likely incur such costs. *See Randolph*, 531 U.S. at 91–92. Likewise, Plaintiff's disability-related barriers are not new facts, as Plaintiff referenced them several times in previous filings. *See, e.g.*, Dkt. # 77, 2; Dkt. # 31. The failure to settle also will not suffice for this Court to lift the stay pending arbitration, as the Court did not factor in any settlement or imminent settlement when granting the motion to compel and denying the motion for reconsideration. In other words, the Court decided those motions on the assumption that arbitration would decide the dispute, not that the parties would settle because of the Court's orders. Without (a) "a material difference in fact or law," (b) "the emergence of new material

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  8:24-cv-02112-MWC-KES | Date: August 28, 2025 |
| Title:  Marcella Fox v. TriColor California Auto Group, LLC | |

facts or a change of law occurring after" the Court entered the order, or (c) "a manifest showing of a failure to consider material facts presented to the" Court before it entered the order, the Court cannot lift the stay under the Local Rules.  *See* L.R. 7-18.

The two legal authorities that Plaintiff cites as providing grounds to grant her request are inapposite.  9 U.S.C. § 3 discusses only the ability of a court to stay a proceeding and refer it to arbitration, and it does not discuss the need for arbitration to be an accessible and viable forum, as Plaintiff contends, *see Mot.* 3.  Even if the statute contained the language that Plaintiff suggests, Plaintiff has failed to make a showing here that arbitration is not an accessible and viable forum.  Thus, even the case law that Plaintiff rightfully cites stating that arbitration must not be prohibitively expensive, *see Mot.* 4, provides no relief here.

Lastly, Rule 60(b) is not applicable to the Court's order compelling arbitration.  "Rule 60(b) applies only to final orders, and not to interlocutory, non-appealable orders . . . ."  *Golden*, 2016 WL 4168853, at *5.  And "an order compelling arbitration and staying proceedings is not a final, appealable judgment; it's an interlocutory one to which [Rule] 60(b) does not apply."  *Broadnax*, 2025 WL 1808513, at *2.  Accordingly, Rule 60(b) provides no relief.

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to lift stay and / or for relief from arbitration.  The hearing set for September 5, 2025, is **VACATED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |